**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3198
_____

LUZ RODRIGUEZ,
                                        Appellant

v.

TRENTON POLICE DEPARTMENT (TRENTON, NJ),
S. CLINTON & N. CLINTON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-12902)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2020
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed November 12, 2020)
_____

OPINION[*]
_____

PER CURIAM

Appellant Luz Rodriguez filed a pro se civil rights complaint, which she quickly

amended, against the Trenton Police Department and two unnamed officers.[1]  After the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendants filed a motion to dismiss, the District Court held a hearing and dismissed the first amended complaint without prejudice to Rodriguez filing another amended complaint to correct the deficiencies identified in the hearing. Though the second amended complaint, like its predecessors, is difficult to decipher, Rodriguez appears to allege that she and an unnamed man with whom she was living were involved in an argument. Rodriguez called the police, who took her to the police station, apparently because she refused their requests to leave the premises; she alleged that the officers "physically assaulted" her and left her with a cut on her head. See ECF 57 at 3.

The District Court granted defendants' second motion to dismiss, reasoning that Rodriguez "fail[ed] to plead facts demonstrating the use of force was unreasonable or excessive," as to the police officers. ECF 65 at 6. Alternatively, the District Court held that the complaint could be dismissed as to the officers as Rodriguez failed to identify them. Id. at 7. Finally, the District Court dismissed the claim as to the Trenton Police Department because Rodriguez had failed "to plead the existence of any policy, custom, or practice, that could form the basis of liability" under Monell v. Dep't of Soc. Srvcs. of City of N.Y., 436 U.S. 658 (1978). Id. at 10. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the grant of a motion to dismiss pursuant to Rule 12(b)(6). See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To survive a motion to dismiss, a complaint

---

[1] Because we write primarily for the benefit of the parties, we will recite only the facts

2

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012).

We agree with the District Court that Rodriguez's complaint alleges a claim of excessive force under § 1983.[2] To state such a claim, a complainant must, among other things, allege that the force used was unreasonable. See Brower v. Inyo Cty., 489 U.S. 593, 599 (1989). To determine whether an officer's use of force was unreasonable, "a court must consider[] all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force." Rivas v. City of Passaic, 365 F.3d 181, 198 (3d Cir. 2004).

Rodriguez provided scant details with respect to the situation surrounding her arrest and detainment at the police station. In the complaint, there are no facts regarding the incident other than that she was taken to the police station, ended up in a cell, and had an injury that required four stitches. In a police report that she submitted separately regarding this incident, Rodriguez stated that she did not want to leave the residence, that she became angry when the police did not help her get back into the residence, that she

---

necessary for the discussion.

[2] In her brief, Rodriguez raises a separate allegation of excessive force that she claims occurred before the incident which forms the basis for her complaint. However, we may not consider that allegation as it was not presented to the District Court in the complaint. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011) (noting that arguments not raised in the district court will not be considered for the first time on appeal).

did not want to be handcuffed, and that she tried not to let the officers put handcuffs on her. ECF 46 at 1-2. She does not describe the officers' actions or her actions, and there is thus no indication that the force used (if any) was unreasonable under the circumstances.[3] Furthermore, Rodriguez's failure to state a claim against the individual officers is fatal to her claim against the Trenton Police Department. See Mulholland v. Gov't Cty. of Berks, 706 F.3d 227, 238 n.15 (3d Cir. 2013).[4]

Accordingly, we will affirm the District Court's judgment.

---

[3] In any event, as the District Court noted, Rodriguez's failure to identify the officers is fatal to her excessive force claim. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 284 (3d Cir. 2018).

[4] We agree with the District Court that granting Rodriguez leave to file a third amended complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).